**STATE of Minnesota, Respondent,**

v.

**Ami Diane Jesch HUSETH, Appellant.**

**No. C2–85–701.**

Court of Appeals of Minnesota.

Oct. 22, 1985.

Review Denied Dec. 30, 1985.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, David M. Olin, Pennington Co. Atty., Thief River Falls, for respondent.

Paul A. Kief, Bemidji, for appellant.

Considered and decided by POPOVICH, C.J., WOZNIAK, J., and HUSPENI, J., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant Ami Huseth was convicted of arson in the second degree, Minn.Stat. § 609.562 (1984), for blowing up a restaurant which her fiance owned and which she managed. On appeal, she contends there was juror bias and that she was denied a fair trial because of errors at trial including discovery violations, failure to return her fiance's financial records, prosecutorial misconduct in closing argument, elicitation of testimony that her fiance wanted to "hang [her] out to dry," and evidence of measurements and photos which should have been suppressed as the result of an illegal entry. She also contends the trial court erred in removing certain alterations of time cards before admitting the cards. We affirm.

## FACTS

Huseth lived with her boyfriend, Loren McCullough. McCullough opened a new restaurant in May 1984, called The Magic Dragon, in Thief River Falls. She was the manager of the restaurant. Evidence showed that after a successful beginning, the restaurant's business rapidly deteriorated. On July 20, 1984, McCullough had one of his employees disconnect the

furnace in the utility room and move it out. At about 4:30 or 5:00 p.m. on July 22, 1984, Huseth and McCullough were in the utility room for a few minutes kneeling in the vicinity of the gas shut-off valve. Both then left the restaurant and Huseth returned to help close the restaurant around 10:00 p.m. Testimony showed that she was acting differently at this time. She wore jeans although she normally wore a dress at work. She told the dishwasher to leave before everything was washed and told the waitresses to leave without taking care of the coffee pots. Normally she was not in a hurry to close and was concerned about keeping things clean.

The last three employees in the building left at about 10:30. One of the employees, Cherie Perisian, went back in two or three minutes later to retrieve a can of soda pop and she saw Huseth in the utility room where the gas valve was located. Huseth appeared shaken and startled and asked what Perisian was doing back in the restaurant. As Perisian left the building, she heard a hissing noise outside when she was about four to five feet from the gas valve, but she assumed it was from a pop cylinder and did not say anything to Huseth.

Shortly before 11:15 p.m., the Magic Dragon restaurant exploded. The cause of the explosion was that the gas shut-off valve in the utility room had been turned wide open and gas had eventually reached the pilot lights on some of the appliances, igniting the gas. Expert testimony also indicated that it would take from five to 45 minutes after the valve was opened for the explosion to occur.

Huseth was arrested in Denver, Colorado. She was convicted of arson in the second degree and sentenced to 21 months in prison.

## ISSUES

1. Has appellant demonstrated jury bias?

2. Was appellant denied a fair trial because of discovery violations?

3. Was appellant denied a fair trial because of the state fire marshal's possession of some of McCullough's financial records?

4. Did the prosecutor commit misconduct in closing argument?

5. Was there any error in admitting testimony that McCullough would testify about wanting to "hang [appellant] out to dry" if he testified?

6. Should certain photos and measurements of the building have been suppressed as a result of an illegal entry?

7. Did the trial court err in ruling that alterations of time cards had to be removed before the cards would be admissible?

## ANALYSIS

### I.

Huseth challenges the selection of a juror who was the wife of an officer of the Thief River Falls Police Department. The omnibus hearing transcript reveals there was confusion as to which potential juror was the subject of concern. Huseth then changed counsel between the omnibus hearing and trial and at the time of trial the juror was not excluded from the jury panel by either of the parties and was called and selected as a juror.

In an appeal based on juror bias, an appellant must show that the challenged juror was subject to challenge for cause, that actual prejudice resulted from the failure to dismiss, and that appropriate objection was made by appellant.

*State v. Stufflebean*, 329 N.W.2d 314, 317 (Minn.1983). In this case, appellant has failed to demonstrate that any of these factors is present.

1. Huseth has not demonstrated the juror was subject to challenge for cause under Minn.R.Crim.P. 26.02, subd. 5, which contains the exclusive grounds to challenge for implied bias. *Stufflebean*, 329 N.W.2d at 318.

2. Huseth failed to demonstrate that any actual bias or prejudice resulted.

3. It is not clear that Huseth made an appropriate objection to the juror.

## II.

■ Huseth claims that the State failed to turn over reports of an expert witness, a BCA special agent, and the Pennington County Sheriff. However, the State indicated that it had given her attorney all the reports that had been requested. The record does not indicate that the reports claimed even existed.

## III.

■ McCullough's financial records were subpoenaed by the State Fire Marshal on July 25, 1984. Apparently McCullough's attorney wrote the fire marshal seeking return of the records, indicating that a court order would be sought to compel the return of the records. The record does not indicate that McCullough or his attorney ever made a request for a court order. In any event, failure to return McCullough's records did not deprive Huseth of a fair trial.

## IV.

■ Huseth argues that the prosecutor committed misconduct in closing argument by arguing that a vacant lot would be worth more to McCullough than the lot with the building and business were worth before the fire. Huseth never objected, thereby waiving this issue on appeal. Moreover, the State's argument was a permissible inference from the evidence.

## V.

■ In examining McCullough, the prosecutor asked him whether he had ever said to Huseth's lawyer that if he testified he was going to "hang Ami Huseth out to dry." Huseth argues that this evidence was irrelevant and that its probative value was out-weighed by prejudice under Minn. R.Evid. 403. This was a matter left to the discretion of the trial court and, in any event, the evidence was probative on whether the arson was committed for profit with McCullough's knowledge and support and was relevant on the issues of identity and intent of the arsonist.

## VI.

■ Huseth claims that certain pictures and measurements of the restaurant after the fire were made pursuant to an unauthorized entry of the building. However, there is no evidence in the record to support this claim. Further, no objection was made to the search at any time during the trial. Finally, inasmuch as Huseth neither owned the building nor the business, she lacked standing to challenge the search of the building. *See State v. Brown*, 345 N.W.2d 233, 237 (Minn.1984).

## VII.

■ Apparently the time card records at the restaurant were recorded in hundredths of an hour rather than in minutes. When the cards were offered in evidence by Huseth, they had been altered with various notations. Her attorney acquiesced in whiting out the alterations.

Huseth claims the records were kept in "military time" and that the notations written on them included the conventional time. She claims the alterations were important to avoid confusing the jury on the time. However, the jury was apprised of the time problem and the needed conversion to conventional time. More importantly, her attorney conceded at the time that the alterations had to be whited out.

## DECISION

Appellant has not demonstrated any error, either individually or cumulatively, which denied her a fair trial.

Affirmed.